UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

---

NEPTUNE DESIGN GROUP, L.L.C

       Plaintiff,

       v.

                          Case No:

INTERPLAN, L.L.C., and  DAVID E. BOYCE

       Defendants.

---

### PLAINTIFF'S COMPLAINT FOR COPYRIGHT INFRINGEMENT

---

Plaintiffs, Neptune Design Group, LLC (hereinafter, "Neptune"), by its attorney, Dana A. LeJune, file this cause of action against the Defendants, Interplan, LLC. ("Interplan"), and David Boyce, individually ("Boyce") (collectively, "Defendants"), and show:

## **Jurisdiction and Venue**

1.     The Court has subject matter jurisdiction in this action pursuant to 28 USC § 1331 and § 1338(a), as this case arises under the U.S. Copyright Act.

2.     Venue is proper in this district pursuant to 28 USC § 1400 and 28 USC § 1391(b) and (c).

## Parties

3.     The Plaintiff, Neptune is an Arizona limited liability company engaged in the business of creating designs for restaurants and retail concepts, design drawings, construction documents, renderings, project management and licensing designs, with its principal office located in Scottsdale, Arizona.

4.     The Defendant, Interplan is a Florida limited liability company with its principal office located in Orlando, Florida, and whose principal business activity is architecture, engineering, development, and management of commercial structures. It may be served with citation at 604 Courtland Street, Suite 100, Orlando, FL 32804, service upon its registered agent, David Boyce, architect.

5.     The Defendant, David Boyce is an individual residing in Orlando, Florida, who is the architect of record, and an officer, director, manager and/or other principal of Interplan, and may be served with citation at 604 Courtland St., Ste 100, Orlando, FL 32804, or such other place as he may be found.

## Facts

6.     In October of 2008, Neptune first began providing architectural services to Menchie's Group, Inc. (hereinafter "Menchie's"), including visual branding, project coordination, interior design branding, the creation of architectural drawings and design/development, and construction documents for Menchie's Frozen Yogurt stores. More specifically, architectural and engineering drawings suitable for permitting were completed by Neptune. Neptune is the sole original author and valid copyright owner of the architectural works for approximately four hundred (400) construction

document sets and over 2,500 store layouts created for the construction of Menchie's Frozen Yogurt stores located throughout the United States and Internationally.

7.     Neptune is the sole original author and owner of a large number of architectural works, including but not limited to those entitled "Menchie's 2012 Prototype set of construction documents," "Menchies Mount Prospect, IL," "2009 Menchies Design Guide," "2008 Menchies CD set of plans," and "Menchies Houston."

8.     Neptune registered its copyright in the work entitled "Menchie's 2012 Prototype set of construction documents" with the United States Copyright Office on May 4, 2014 and was provided Registration Number VAu 1-190-827 therefore. (**See Exhibit 1**).

9.     Neptune registered its copyright in the work entitled "Menchies Mount Prospect, IL" with the United States Copyright Office on May 12, 2015 and was provided Registration Number VAu 1-206-793 therefore. (**See Exhibit 2**).

10.     Neptune registered its copyright in the work entitled "2009 Menchies Design Guide" with the United States Copyright Office on March 17, 2015 and was provided Registration Number VAu 1-205-569 therefore. (**See Exhibit 3**).

11.     Neptune registered its copyright in the work entitled "2008 Menchies CD set of plans" with the United States Copyright Office on May 13, 2015 and was provided Registration Number VAu 1-206-979 therefore. (**See Exhibit 4**).

12.    Neptune registered its copyright in the work entitled "Menchie's Houston" with the United States Copyright Office on May 13, 2015 and was provided Registration Number VAu 1-207-040 therefore. (**See Exhibit 5**).

13.    On or about April 29, 2014, Neptune first became aware that the Defendants had violated its copyrights in one or more distinct ways. On said date, Neptune was contacted by Gilberto Martinez, who was constructing a new Menchie's store, Store #482 at 8817 Sepulveda, Boulevard, Westchester, California, 90045 (the "Westchester Store"), with construction questions (See **Exhibit 6**).   Although Menchie's had not commissioned Neptune to design this particular store, and it was instead   drafted by Interplan, because of the striking similarities between the "Interplan" and "Neptune" blueprints, this general contractor thought Neptune was the author of these plans.

14.    This building contractor then sent a copy of the design plans for the Westchester Store to Neptune. Neptune then discovered that these plans were copies of its "Menchie's 2012 Prototype set of construction documents." However, in the title block of the plans, instead of displaying Neptune's copyright management information ("CMI") – as was the case for over 400 previous plans – the plans prominently displayed the name "David Boyce, Architect." Moreover, there had been no modifications of the interior design on these copied plans, demonstrating that Neptune's architectural work had been simply duplicated by Interplan. For example, Neptune uses several custom Menchie's specific details developed by Neptune exclusively for Menchie's. These Neptune-specific details appear on the infringing

4

plans just as they did on Neptune's original.[1]   The elevations, material selection, details and sections were duplicated exactly with no modifications made to the drawings.

15.    Upon further investigation, Neptune discovered that Interplan has violated its copyrights in one or more distinct ways through the copying, displaying, marketing, and/or assisting in the construction of three-dimensional infringing copies (stores) of *at least* the following works:

a.  Neptune's "Menchies Houston," which Defendants call "Store #255," located at Hancock Shopping Center 1000 East 41st Street, Suite 255 Austin, Texas 78751 (**Exhibit  7**);

b.  Neptune's "Menchies 2012 Prototype set of construction documents,"

c.  Neptune's "Menchies Mount Prospect, IL,"

d.  Neptune's "2009 Menchies Design Guide."

e.  Neptune's "2008 Menchies CD set of plans."

16.    Additionally, Neptune discovered that Interplan has copied, displayed, marketed, and/or assisted in the construction of three-dimensional infringing copies of at least seventy-nine (79) Menchie's store locations throughout the nation as of July 2015.

17.    Each of the 79 plans drafted by Defendants as alleged in paragraphs 13 through 16, *supra*, constitutes a derivative work infringing Neptune's copyright-protected works in violation of 17 U.S.C. §§106(2) and 501.

---

[1] Even misspellings were copied by Interplan. See **Exhibit 1** and **Exhibit 6**.

18.     The illicit acts of the Defendants, described in paragraphs 12 through 16, *supra*, were done without permission or license from Neptune, and in violation of Neptune's exclusive copyrights in said works.

19.     The Defendants have regularly and systematically infringed Neptune's copyrights, and have induced others, including individual store-owners, contractors, and other entities and individuals engaged in the commercial development business to infringe Neptune's copyrights in and to its original works, all to profit said Defendants, contractors and other store-owners, and to Neptune's detriment.

## Vicarious Liability of Principal

20.     Because Boyce is the architect of record, principal and/or manager of Interplan, he had knowledge of Interplan's infringing activities, and benefited there from by providing architectural, engineering construction documents, project management, appraisal, advertising, marketing, sales and/or other services to them, in furtherance of the corporate Defendants' copying, of said designs.

21.     The conduct of Interplan described above, was performed and accomplished through the direction, control and direct supervision of Boyce, personally, as owner, architect of record, officer, director and/or manager of the corporate Interplan. Boyce had the ability to prevent Interplan from infringing Neptune's works, and/or to stop the infringements once they began. Additionally, Boyce received pecuniary benefit from Interplan's acts of infringement. Accordingly, Boyce is personally liable to Neptune as a joint and/or contributory infringer, or is otherwise vicariously liable.

22.    The illicit acts of the Defendants, described in paragraphs 13 through 16, *supra*, were done without permission or license from Neptune, and in violation of Neptune's exclusive copyrights in said works.

23.    Upon information and belief, Defendants have infringed the copyrights in other original architectural works by Neptune, the scope and breadth of which infringing activities will be ascertained during the course of discovery.

### Causes of Action for Non-Willful Copyright Infringement
### <u>Count One</u>

24.    Neptune re-alleges and incorporates, as if fully set forth herein, paragraphs 1 through 23, *supra*.

25.    Defendants, without knowledge or intent, infringed Neptune's copyright in one or more of Neptune's works identified and described in paragraphs 13 through 16, *supra*, by scanning, copying, and/or reproducing unauthorized copies thereof, in violation of 17 U.S.C. §106(1), and on information and belief, have done so with others of Neptune's works which are as yet undiscovered.

### <u>Count Two</u>

26.    Neptune re-alleges and incorporates, as if fully set forth herein, paragraphs 1 through 23, *supra*.

27.    Upon information and belief, Defendants, without knowledge or intent, infringed Neptune's copyright in one or more of Neptune's works identified and described in paragraphs 13 through 16 *supra*, by publicly displaying, on their web site(s) and elsewhere, for purposes of advertising and marketing, unauthorized copies

or derivatives thereof, in violation of 17 U.S.C. §106(5), and on information and belief, have done so with others of Neptune's works which are as yet undiscovered.

## Count Three

28.    Neptune re-alleges and incorporates, as if fully set forth herein, paragraphs 1 through 23, *supra*.

29.    Defendants, without knowledge or intent, infringed Neptune's copyrights in one or more of Neptune's works identified and described in paragraphs 13 through 16 *supra*, by creating derivatives therefrom in the form of two dimensional plans and assisting in the construction of three dimensional copies, in violation of 17 U.S.C. §106(2), and on information and belief, have done so with others of Neptune's works which are as yet undiscovered.

## Count Four

30.    Neptune re-alleges and incorporates, as if fully set forth herein, paragraphs 1 through 23, *supra*.

31.    Defendants, without knowledge or intent, infringed Neptune's copyright in one or more of Neptune's works identified and described in paragraphs 13 through 16 *supra*, by contributing to the copying, marketing, and/or construction of three dimensional copies of the protected works, in violation of 17 U.S.C. §106(1) - (3), and (5), and on information and belief, have done so with others of Neptune's works which are as yet undiscovered.

**Alternative Causes of Action for Willful Copyright Infringement**
**Count Five**

32.     Neptune re-alleges and incorporates, as if fully set forth herein, paragraphs 1 through 23, *supra*.

33.     Alternatively, Defendants willfully infringed Neptune's copyright in one or more of Neptune's works identified and described in paragraphs 13 through 16 *supra*, by scanning, copying, and/or reproducing unauthorized copies thereof, in violation of 17 U.S.C. §106(1), and on information and belief have done so with others of Neptune's works which are as yet undiscovered.

**Count Six**

34.     Neptune re-alleges and incorporates, as if fully set forth herein, paragraphs 1 through 23, *supra*.

35.     Alternatively, Defendants willfully infringed Neptune's copyright in one or more of Neptune's works identified and described in paragraphs 13 through 16 *supra*, by publicly displaying, on their web site(s) and elsewhere, for purposes of advertising and marketing, unauthorized copies or derivatives thereof, in violation of 17 U.S.C. §106(5), and on information and belief, have done so with others of Neptune's works which are as yet undiscovered.

**Count Seven**

36.     Neptune re-alleges and incorporates, as if fully set forth herein, paragraphs 1 through 23, *supra*.

37.     Alternatively, Defendants willfully infringed Neptune's copyright in one or more of Neptune's works identified and described in paragraphs 13 through 16 *supra*,

by by creating derivatives there from in the form of two dimensional plans and assisting in the construction of three dimensional copies, in violation of 17 U.S.C. §106(2), and on information and belief, have done so with others of Neptune's works which are as yet undiscovered.

## Count Eight

38.    Neptune re-alleges and incorporates, as if fully set forth herein, paragraphs 1 through 23, *supra*.

39.    Alternatively, Defendants willfully infringed Neptune's copyright in one or more of Neptune's works identified and described in paragraphs 12 through 15 *supra*, by contributing to the copying, marketing, and/or construction of three dimensional copies of the protected works, in violation of 17 U.S.C. §106(1) - (3), and on information and belief, have done so with others of their works which are as yet undiscovered.

## Violations of DMCA § 1202
## Count Nine

40.    Neptune re-alleges and incorporates, as if fully set forth herein, paragraphs 1 through 37, *supra*.

41.    Additionally, Defendants violated §1202 *et seq.* of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. §1202.

42.    In creating the drawings identified above, said Defendants intentionally removed and omitted Neptune's copyright management information from copies of Neptune's works.

10

43.    Said Defendants thereafter distributed copies or derivatives of such works knowing that such copyright management information had been removed or omitted without proper authorization.

44.    At the time said Defendants removed Neptune's copyright management information from copies of their works, and at the time they distributed copies of the works from which the copyright management information had been removed or omitted, said Defendants knew or had reasonable grounds to know that such behavior would induce, enable, facilitate, or conceal the infringement of Neptune's copyrights.

45.    Neptune is entitled and seeks to recover from Defendants statutory damages not exceeding $25,000 for each act committed in violation of their rights under 17 U.S.C. §1202, *et seq.*

46.    Pursuant to 17 U.S.C. §1203(b)(5), Neptune is entitled and seeks to recover its reasonable attorneys' fees.

WHEREFORE, Neptune demands that judgment be entered in its favor and against the Defendants, jointly and severally, as follows:

a)    For an accounting by Defendants of their activities in connection with their infringements of Neptune's copyrights in and to the above-described works, as well as of the gross profits and revenue attributable to their infringement(s);

b)    For Neptune's actual damages, in an amount to be determined at trial;

c)    For Defendants' direct and indirect profits attributable to their infringements, including but not limited to those direct and indirect profits derived

from the construction, advertising, promotion, marketing, appraisal and sale of infringing structures in an amount to be determined at trial;

d)      In the alternative, at Neptune's option an award of statutory damages in lieu of actual damages for the infringement of any one or more of their works, described above, in an amount to be determined at trial;

e)      An award of statutory damages for each and every violation by Defendants of the DMCA, 17 U.S.C. §1202, *et seq.*;

f)      Neptune's actual attorney fees, court costs, taxable costs, and the cost associated with the retention, preparation and testimony of expert witnesses;

g)      For both temporary and permanent injunctions barring Defendants, their agents, employees and/or servants, from infringing Neptune's copyrights in any manner whatsoever, including the submitting for permits, obtaining building permits, marketing, construction, and sale of infringing structures, and further barring said Defendants from publishing through any visual media, and from selling, marketing or otherwise distributing copies of Neptune's plans and/or derivatives thereof;

h)      An order requiring Defendants to produce, for impounding during the pendency of this action and for destruction thereafter, all store design plans, details and elevations which infringe Neptune's copyrights, including all photographs, blueprints, film negatives, magnetic tapes, digitally scanned and/or stored images, and all machines and devices by which such infringing copies may be reproduced, viewed or disseminated, which are in the possession of, or under the direct or indirect control of the Defendants;

i)      An order permanently enjoining the current owners of all infringing structures sold by Defendants from leasing, renting, selling and/or otherwise placing into the stream of commerce the infringing structures, based upon the application of the first sale doctrine; *and*

j)      For such other relief as the Court determines to be just and equitable.

PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY

Dated this 10th day of November 2015.


LEJUNE LAW FIRM

By:     s/Dana A. LeJune
        Dana A. LeJune
        Texas Bar No.: 12188250
        email: dlejune@triallawyers.net
        6525 Washington Avenue
        Suite 300
        Houston, Texas 77007
        713/942.9898 Telephone
        713/942.9899 Facsimile
        Counsel for Plaintiff,
        NEPTUNE   DESIGN   GROUP,
        L.L.C.